UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06MC256 RWS |
| ) | |
| JANICE V. HICKS, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter was filed by the United States Internal Revenue Service. The IRS assessed income taxes against Respondent for the years 1983 through 1989 and 1993 through 1995. The IRS is trying to collect these unpaid taxes. It issued a summons to Respondent to appear at a hearing and to produce documents regarding Respondent's assets. Respondent failed to appear and returned the summons to the IRS with objections to the summons' validity. The IRS has moved for a court order to enforce its summons.

The parties filed responsive pleadings and I set the matter for a hearing. On August 18, 2006, I held a hearing of the matter in which I orally granted Petitioner's motion to enforce the summons against Respondent. A written copy of my order was entered on August 22, 2006. On September 13, 2006, Petitioner filed a notice that Respondent filed a petition for bankruptcy relief on August 18, 2006.

 On September 15, 2006, this case was administratively closed based on the notice of Respondent's filing for bankruptcy. On September 28, 2006, Petitioner filed a notice that Respondent's bankruptcy case had been dismissed. Accordingly, this case is reopened.

Respondent filed for bankruptcy relief in the United States Bankruptcy Court for the

Eastern District of Missouri in case number 06-43737-399. I have taken judicial notice of the date and time of the bankruptcy filing as it is part of our own Court. I note from the docket sheet in the bankruptcy case that Respondent filed the petition for bankruptcy at approximately 12:32 p.m. on August 18, 2006. At 2:00 p.m. that day, Respondent appeared before me at the hearing in which I orally granted the IRS its motion to enforce its summons. Respondent did not inform me of the bankruptcy filing earlier that day.

Respondent's filing of the bankruptcy an hour and a half before the hearing in this matter may have had the effect of voiding any order that I made on or after August 18, 2006. Now that Respondent's bankruptcy has been dismissed I am able to enter orders in this case. I now adopt the orders I issued on August 18, 2006 and on August 22, 2006 and order Respondent to comply with the IRS's summons that is the subject of this matter.

On August 28, 2006, Respondent filed a notice of appeal. After filing the appeal Respondent filed three more motions in this case. I have refrained from ruling on these motions until the bankruptcy and appeal issues were resolved. On October 6, 2006, the United States Court of Appeals for the Eighth Circuit dismissed Respondent's appeal. I now rule upon the motions filed by Respondent

On August 28, 2006, Respondent filed a motion to stay my order of August 18, 2006 enforcing Respondent's summons until Respondent obtains discovery regarding the "credentials of the United States District Court Judges ..." under the Freedom of Information Act, 5 U.S.C. § 552. This motion is without merit and will be denied.

On August 31, 2006, Respondent filed a motion for "Amendment and Confirmation." I interpret this motion as a motion under Federal Rule of Civil Procedure 59(e). The issues raised in this motion are beyond the scope of the issues in this case. This case concerns a collection

effort.  Petitioner seeks the enforcement of a United States Internal Revenue Service summons directing Respondent to identify assets upon which the IRS can attempt to levy upon in order to satisfy the tax liability previously assessed against Respondent.  Respondent seeks to relitigate in this case the IRS's tax liability assessment.  This Court is not the proper forum to contest the IRS's tax assessment.  As a result, Respondent's motion for amendment and confirmation will be denied.

On September 5, 2006, Respondent filed a motion for dismissal or stay of my order dated August 18, 2006.  This motion again raises issues that are beyond the scope of this lawsuit and are without merit.  As a result this motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall reopen this matter.

**IT IS FURTHER ORDERED** that I hereby adopt my orders of August 18, 2006 and August 22, 2006 which grant Petitioner's motion to enforce its summons.  Respondent shall comply with the IRS's summons within twenty days of this order.

**IT IS FURTHER ORDERED that** Respondent's motion for stay [#12], motion for amendment and confirmation [#13], and motion for dismissal or stay of order [#15] are **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2006.